UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CASE NO:

MAKAYLA MANZANARES, on behalf of
herself and all others similarly situated,

    Plaintiff(s),

    v.

ROCKFISH SEAFOOD GRILL, INC. d/b/a
ROCKFISH SEAFOOD & GRILL

    Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, MAKAYLA MANZANARES ("Plaintiff"), on behalf of herself and all others similarly situated, and pursuant to 29 U.S.C. § 216(b), files this Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, ROCKFISH SEAFOOD GRILL, INC. d/b/a ROCKFISH SEAFOOD & GRILL ("Defendant"), for its failure to pay Restaurant Servers federal minimum wages, as follows:

### INTRODUCTION

1.    Plaintiff brings this collective action under the Fair Labor Standards Act ("FLSA") on behalf of herself and all other Servers who work or have worked for Defendant, ROCKFISH SEAFOOD GRILL, INC. d/b/a ROCKFISH SEAFOOD & GRILL, in the State of Texas during the applicable statute of limitations. Defendant committed federal minimum wage violations because it: (1) failed to provide Servers with the statutorily required tip credit notice and (2)



required Plaintiff and all others similarly situated to purchase uniforms items and tools out of pocket, thus causing their hourly rate to fall below the applicable federal minimum wage. As a result, Plaintiff and all similarly situated Servers were denied federal minimum wages during various workweeks within the relevant time period.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Spring, Texas, over the age of 18 years, and otherwise *sui juris*.

3. Plaintiff and the FLSA putative collective members are/were restaurant Servers who worked for Defendant within the last three (3) years at Rockfish Seafood & Grill restaurants in the State of Texas.

4. Plaintiff worked for Defendant as a Server at the Rockfish Seafood & Grill restaurant at 5500 FM West 1960 Road Houston, Texas 77069 from in or around August 2023 through May 2025.

5. The proposed collective members worked for Defendant in the same capacity as Plaintiff in that they were non-exempt, hourly-paid tipped Servers for Defendant at Rockfish Seafood & Grill restaurants in the State of Texas.

6. Plaintiff seeks certification of two (2) separate collectives under 29 U.S.C. § 216(b) for violations of the FLSA as follows:

> **Tip Credit Notice Collective: All Servers who worked for Defendant in the State of Texas during the three (3) years preceding this lawsuit who did not receive proper notice from Defendant that it would be taking a tip credit toward the required federal minimum wage.**



**Uniform and Tool Reimbursement Collective:** All Servers who worked for Defendant in the State of Texas during the previous three (3) years who were required to purchase uniform items and tools and were not reimbursed.

7. The precise size and identity of each collective should be ascertainable from the business records, tax records, and/or personnel records of Defendant; however, Plaintiff estimates that the total number of members in each collective exceeds fifty (50) Servers.

8. During all times material hereto, Defendant was a Texas corporation operating and transacting business within Houston, Texas, within the jurisdiction of this Honorable Court.

9. During all times material hereto, Defendant owned, operated, and controlled approximately seven (7) Rockfish Seafood & Grill restaurants in the State of Texas.

10. Defendant was the "employer" of Plaintiff and all members of the putative Collectives as that term is defined by the FLSA during all times pertinent to the allegations herein.

11. During all times material hereto, Defendant was vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the Rockfish Seafood & Grill restaurants.

12. Defendant implements uniform pay, tip, and time-keeping practices at its Rockfish Seafood & Grill restaurants that apply to all Servers and enforces these policies throughout all locations in the State of Texas.

13. Plaintiff and the putative collective members are/were non-exempt, hourly Servers.

**JURISDICTION AND VENUE**

14. This action is brought under 29 U.S.C. § 216(b) to recover damages, reasonable attorney's fees, and reimbursable costs from Defendant.

15. The acts and/or omissions giving rise to this dispute took place within Houston, Texas, which falls within the jurisdiction of this Honorable Court.

16. Defendant regularly transacts business in Houston, Texas, where it implements and enforces the unlawful policies and practices alleged herein, and jurisdiction is therefore proper.

17. Venue is also proper within Houston, Texas.

## FLSA COVERAGE

18. Defendant is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant had at least two or more employees engaged in commerce or in the production of goods for commerce, or two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

19. The goods and materials handled by Defendant's employees on a regular and recurrent basis included, but were not limited to, food ingredients and beverages sourced from outside the State of Texas, such as onions, tuna, tomatoes, jalapeños, black sesame seeds, cilantro, limes, tortilla chips, flour, milk, eggs, calamari, cheese, shrimp, seasonings, peppers, crawfish, mozzarella cheese, corn, crab, mushrooms, grilled chicken, lettuce, bread, bacon, salmon, carrots, cabbage, rice, parmesan cheese, beef, oil, vinegar, oysters, redfish, catfish, snapper, tilapia, broccoli, potatoes, steak, sausage, tortillas, butter, cheddar cheese, coconut, chocolate, cream cheese, vodka, rum, orange juice, pineapple juice, whiskey, bitters, tequila, bourbon, grenadine, berries, prosecco, sangria, lemonade, wine, and beer.

20. Defendant's employees also routinely used restaurant equipment, appliances, and supplies that had traveled in interstate commerce, including refrigerators, freezers, ovens, chairs,



tables, silverware, napkins, vacuum cleaners, pens, paper, receipts, computers, credit card processors, and staples. Upon information and belief, many of these items were manufactured outside the State of Texas and shipped to Defendant's establishment through interstate channels.

21. In 2022, 2023, and 2024, Defendant had gross annual revenue in excess of $500,000.00, and is expected to have gross annual revenue in excess of $500,000.00 in 2025.

## DEFENDANT FAILS TO PROVIDE SUFFICIENT NOTICE OF THE TIP CREDIT TO SERVERS

22. When Defendant hires Servers, like Plaintiff, it attempts to credit a portion of the tips earned by Servers toward its federal minimum wage obligations, and, consequently, it compensates Servers at an hourly rate below the applicable federal minimum wage.

23. However, Defendant fails to provide its Servers, including Plaintiff, with sufficient notice of the tip credit under federal law.

24. During all times material hereto, Defendant **did not**: (1) provide the full statutorily required tip notice under federal law; or (2) pay the full federal minimum wage.

25. Plaintiff and the collective members are entitled to recover at least the federal minimum wage for each hour spent performing work for Defendant within the past 3 years.

## DEFENDANT FAILED TO REIMBURSE SERVERS FOR EXPENSES INCURRED FROM PURCHASING UNIFORM ITEMS AND TOOLS THROUGHOUT THEIR EMPLOYMENT

26. Defendant has implemented and regularly enforces a restaurant-wide policy that requires all new Servers to purchase uniform items and tools necessary for their employment.

27. Servers are not permitted to wear a jacket in the restaurants unless they purchase a jacket that contains Defendant's logo.

28. Defendant also required Plaintiff and similarly situated Servers to purchase restaurant server books to tale customer orders and pens.

29. Plaintiff and similarly situated Servers could not perform their job duties without purchasing the restaurant server books or pens.

30. Defendant **never** reimbursed Plaintiff or any of the similarly situated Servers for the uniform items and tools that they were instructed and required to purchase before beginning their employment and training.

31. If Plaintiff or any other Server failed to wear a jacket with the Defendant's logo uniform for any of their shifts, Defendant would not permit the Server to work.

32. Defendant required Plaintiff and all other similarly situated Servers to wear their uniform items for the benefit of Defendant in creating and establishing an enjoyable dining experience for its customers and so customers could easily identify Servers.

33. Plaintiff and similarly situated Servers were not reimbursed by Defendant for such additional costs, even though Defendant retained the benefit of this policy.

34. Plaintiff was required to purchase *at least* one jacket which costs approximately $30.00.

35. Plaintiff and the other Servers were required to purchase a restaurant server book to record orders from customers. Plaintiff purchased two (2) restaurant server books throughout her employment. Plaintiff and the other Servers also were required to purchase pens to record customer orders.

36. In total, Plaintiff spent *at least* $30.00 purchasing the restaurant server books for work.

37. In total, Plaintiff purchase twelve (12) boxes of pens at $10.00 per package.

38. As a result of this uniform and tool purchase policy, Plaintiff's and other similarly situated Servers' compensation fell below the minimum wage in direct violation of the FLSA in one or more workweeks of their employment.

**COUNT I – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS**
**(TIP CREDIT NOTICE COLLECTIVE)**

39. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 37 as though set forth fully herein.

40. Plaintiff was entitled to be paid the full federal minimum wage in one or more workweeks for certain hours worked during her employment with Defendant.

41. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for herself and the following similarly situated Tip Credit Notice Collective:

> **Tip Credit Notice Collective: All Servers who worked for Defendant in the State of Texas during the three (3) years preceding this lawsuit who did not receive proper notice from Defendant that it would be taking a tip credit toward the required federal minimum wage.**

42. Defendant attempted to rely on the FLSA's tip credit but failed to provide Plaintiff and all other Servers with requisite verbal or written notice of the tip credit required under federal law.

43. Plaintiff and the putative collective of Servers are therefore entitled to receive the full federal minimum wage at the rate of $7.25 per hour for every hour of work within the previous three (3) years.

44. Defendant either willfully chose not to comply with the FLSA's tip credit laws, and deliberately failed to pay the Tip Credit Notice Collective properly, or failed to make an adequate



USA Employment Lawyers| 1800 SE 10th Ave, Suite 205 | Ft. Lauderdale, FL 33316 | (954) 871-0050 |

inquiry into whether its conduct was in compliance with the FLSA. As a result, Defendant either knew, or showed reckless disregard for, the pertinent Tip Credit laws under the FLSA.

45.     Defendant knew Plaintiff had performed work but willfully failed to pay Plaintiff the full federal minimum wage, contrary to the FLSA.

46.     Defendant could have investigated the requirements of the FLSA at little no cost by accessing the U.S. Department of Labor's publicly available information on wage and hour laws but failed to do so.

47.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work during her employment with Defendant.

48.     Defendant's willful and/or intentional violations of law entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, MAKAYLA MANZANARES, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, ROCKFISH SEAFOOD GRILL, INC. d/b/a ROCKFISH SEAFOOD & GRILL, and award Plaintiff, and all others similarly situated: (a) unpaid federal minimum wages to be paid by Defendant; (b) the tip credit unlawfully claimed by Defendant; (c) liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court deems just and reasonable under the circumstances.

**COUNT II – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS**
**(UNIFORM ANS TOOL REIMBURSEMENT COLLECTIVE)**

49. Plaintiff re-alleges and re-avers Paragraphs 1 through 37 as though fully set forth herein.

50. Plaintiff and all others similarly situated are/were entitled to be paid the full federal minimum wage for certain hours worked during their employment with Defendant.

51. Defendant's uniform policy caused Plaintiff and the Uniform and Tool Reimbursement Collective's wages to dip below the applicable minimum wage, and Defendant therefore willfully failed to pay Plaintiff and similarly situated Servers the full minimum wage for one or more weeks of work, contrary to the FLSA.

52. Defendant has been in operation for several years and therefore knew or should have known that requiring its Servers to pay for uniform items and tools would cause an FLSA minimum wage violation.

53. The Defendant had an obligation to investigate and review its restaurant's policies concerning compliance with rules and regulations concerning the effect that a uniform purchase policy would have on a tipped employee's wages.

54. Information concerning the applicability of these rules and regulations were publicly available to Defendant for no charge through the Department of Labor's website.

55. Defendant either willfully chose not to comply with the uniform regulations under the FLSA, and deliberately failed to pay the Uniform Reimbursement Collective properly, or failed to make an adequate inquiry into whether its conduct was in compliance with the FLSA. As a result, Defendant either knew, or showed reckless disregard for, the pertinent Uniform and Tool Reimbursement regulations under the FLSA.

56. Defendant knew that, throughout her employment, Plaintiff purchased required uniform and tool items without reimbursement, yet willfully failed to pay her the full federal minimum wage in violation of the FLSA.

57. Defendant's willful and/or intentional violations of the FLSA entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

58. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work.

WHEREFORE, Plaintiff, MAKAYLA MANZANARES, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, ROCKFISH SEAFOOD GRILL, INC. d/b/a ROCKFISH SEAFOOD & GRILL, and award Plaintiff, and all others similarly situated: (a) unpaid federal minimum wages; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages; (d) all reasonable attorney's fees and litigation costs permitted under the FLSA; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, MAKAYLA MANZANARES, on behalf of herself and each collective demands a trial by jury on all appropriate claims.

**Date: August 12, 2025**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS - JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
(954) 871-0050



*Counsel for Plaintiff*

By: */s/ Michael V. Miller*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
SDTX Bar No.: 3882934
MICHAEL V. MILLER, ESQUIRE
Florida Bar No. 64005
SDTX Bar No.: 3887485
Jordan@jordanrichardspllc.com
Michael@usaemploymentlawyers.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on August 12, 2025.

By: */s/ Michael V. Miller*
MICHAEL V. MILLER, ESQUIRE
Florida Bar No. 64005
SDTX Bar No.: 3887485

**SERVICE LIST**